1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID TOWNSEL,                          CASE NO. 1:15-cv-0903-MJS

12           Plaintiff,                      **ORDER DISMISSING COMPLAINT**

13      v.                                   **(ECF No. 1)**

14   MADERA COUNTY DEP'T OF CORR.,           **FIRST AMENDED COMPLAINT DUE**
                                             **WITHIN THIRTY (30) DAYS**
15           Defendant.

16

17        Plaintiff is proceeding pro se and in forma pauperis in this action brought pursuant

18   to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

19   **I.     SCREENING REQUIREMENT**

20        The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

21   portion thereof, that may have been paid, the court shall dismiss the case at any time if

22   the court determines that . . . the action or appeal . . . fails to state a claim upon which

23   relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

24   **II.    PLEADING STANDARD**

25        A complaint must contain "a short and plain statement of the claim showing that

26   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

27   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

28

1 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

2 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

3 Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

4 that is plausible on its face." Id. Facial plausibility demands more than the mere

5 possibility that a defendant committed misconduct and, while factual allegations are

6 accepted as true, legal conclusions are not. Id. at 677-78.

7 **III.**   **PLAINTIFF'S ALLEGATIONS**

8 Plaintiff's allegations can be summarized essentially as follows: While Plaintiff

9 was housed at the Madera County Department of Corrections[1], he could not receive and

10 was unable to send mail from Friday, December 20, 2013, to Monday, December 23,

11 2013. Plaintiff brings suit against Defendant Madera County Department of Corrections

12 for infliction of emotional distress and for violation of his Eighth Amendment right to be

13 free from cruel and unusual punishment.

14 **IV.**   **ANALYSIS**

15 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

16 conduct about which he complains was committed by a person acting under the color of

17 state law and (2) the conduct deprived him of a federal constitutional or statutory right.

18 Wood v. Outlander, 879 F.2d 583, 587 (9th Cir. 1989). Negligence is not sufficient to

19 state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). In

20 addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct

21 of a particular defendant and he must allege an affirmative link between the injury and

22 the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976).

23    **A.**   **Eighth Amendment – Cruel and Unusual Punishment**

24 In order to state a claim for violation of the Eighth Amendment, a plaintiff must

25 "objectively show that he was deprived of something 'sufficiently serious,'" and "make a

26 subjective showing that the deprivation occurred with deliberate indifference to the

27

28 ───────────────

[1] Plaintiff's address on record indicates that he is no longer in custody.

1   inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (citing

2   Farmer v. Brennan, 511 U.S. 825, 834 (1994)). In order to satisfy the first prong of the

3   test, the matters about which the plaintiff is complaining must rise to the level of either

4   "the wanton and unnecessary infliction of pain" or the deprivation of "the minimal civilized

5   measure of life's necessities." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see

6   also Farmer, 511 U.S. at 832 (Prison officials "must ensure that inmates receive

7   adequate food, clothing, shelter, medical care, and must take reasonable measures to

8   guarantee the safety of the inmates.") (internal quotation marks and citation omitted).

9   The unnecessary and wanton infliction of pain constitutes cruel and unusual

10   punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319

11   (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,

12   105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner

13   must allege and prove that objectively he suffered a sufficiently serious deprivation and

14   that subjectively prison officials acted with deliberate indifference in allowing or causing

15   the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

16   Here, Plaintiff's claims simply do not rise to the level of an Eighth Amendment

17   violation. He alleges only that his incoming and outgoing mail was interfered with over

18   one weekend. There is no suggestion that this temporary deprivation constituted any

19   measureable deprivation, much less a serious one or that it was done with deliberate

20   indifference. Lastly, Plaintiff fails to link the Defendant to any deprivation. Plaintiff thus

21   fails to state a claim under the Eighth Amendment.

22   **B.      First Amendment – Send and Receive Mail**

23   Though Plaintiff does not allege that his First Amendment rights were violated, the

24   complaint can be construed as asserting such a violation. Generally, prisoners have "a

25   First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th

26   Cir. 1995) (per curiam). However, isolated incidents of mail interference or tampering will

27   not support a claim under section 1983 for violation of plaintiff's constitutional rights. See

28

1    Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427,

2    431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). See also

3    Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of

4    delay in mail processing does not violate prisoner's First Amendment rights).

5         In order to state a First Amendment claim of mail interference under Section

6    1983, Plaintiff must allege specific facts showing that the delayed mail amounted to more

7    than an isolated incident. Plaintiff has not done that here. Furthermore, Plaintiff has not

8    alleged harm. There are no allegations that the temporary interference with his mail

9    either constituted an ongoing practice of unjustified censorship or caused him to miss

10   court deadlines or in any way prejudiced him. Also, he must link the Defendant to his

11   allegations of wrongdoing. He must allege specific facts showing how the Defendant

12   actually and proximately caused the deprivation of Plaintiff's rights. He has not done so.

13        **C.    Infliction of Emotional Distress**

14        The elements of intentional infliction of emotional distress are: "(1) extreme and

15   outrageous conduct by the defendant with the intention of causing, or reckless disregard

16   of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

17   extreme emotional distress; (3) and actual and proximate causation of the emotional

18   distress by the defendant's outrageous conduct." Cervantez v. J.C. Penney Co., 24 Cal.

19   3d 579, 593 (1979). Conduct is outrageous if it is "so extreme as to exceed all bounds of

20   that usually tolerated in a civilized community." Id. The distress inflicted must be "of such

21   substantial quantity or enduring quality that no reasonable man in a civilized society

22   should be expected to endure it." Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376,

23   397 (1970) (citation omitted).

24        Plaintiff's cursory allegations do not state a claim for intentional infliction of

25   emotional distress. Again, he alleges only that his mail was temporarily interfered with on

26   one occasion. This does not amount to "extreme and outrageous conduct," and there is

27   no allegation that Plaintiff was harmed, let alone harmed in such a way "that no

28

4

1 reasonable man in a civilized society should be expected to endure." Accordingly, this

2 claim must also be dismissed.

3 **V.      CONCLUSION AND ORDER**

4 The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v.

5 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must

6 address the deficiencies noted in this Screening Order. Iqbal, 556 U.S. at 677-78.

7 Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its

8 face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

9 Plaintiff should note that although he has been given the opportunity to amend, it

10 is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should

11 carefully read this Screening Order and focus his efforts on curing the deficiencies set

12 forth above.

13 Finally, Plaintiff is advised that Local Rule 220 requires that an amended

14 complaint be complete in itself without reference to any prior pleading. As a general rule,

15 an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

16 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

17 longer serves any function in the case. Therefore, in an amended complaint, as in an

18 original complaint, each claim and the involvement of each defendant must be

19 sufficiently alleged. The amended complaint should be clearly and boldly titled "First

20 Amended Complaint," refer to the appropriate case number, and be an original signed

21 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

22 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

23 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

24 omitted).

25

26

27

28

5

1    Accordingly, it is HEREBY ORDERED that:

2    Within thirty (30) days from the service of this order, Plaintiff shall file a first

3   amended complaint curing the deficiencies identified by the Court in this Screening

4   Order;

5       1.  The Clerk of Court is directed to send Plaintiff a copy of his complaint filed on

6           June 15, 2015, and a copy of the Pro Se Packet; and

7       2.  If Plaintiff fails to file a first amended complaint or otherwise respond to this

8           Order, the Court will dismiss this action, with prejudice, for failure to comply

9           with a court order and failure to prosecute.

10

11   IT IS SO ORDERED.

12      Dated:    February 22, 2016          /s/ *Michael J. Seng*

13                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6